UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

Borzych, Garry A., Pro-Se

2009 JAN 13 AM 10:07

Plaintiff,

VS.

CASE NO. 09 C 021 C

MATTHEW J. FRANK, RICHARD [Rick] Raemisch, JOHN BETT, MIKE THURMER, TIMOTHY LUNDQUIST, LORI SIMON, THERESA MURPHY, JOHN RAY, LINDA ALSUM ODONOVAN,

Defendants,

## CIVIL RIGHTS COMPLAINT WITH A JURY DEMAND

Filed Pro-Se, construe liberally, Hold me to less stringent standards than that of a lawyer. However inartfully pleaded.

Comes NOW, the above named plaintiff Borzych, Garry A. [Plaintiff] Pro-Se, and as for a Cause of Action [Claims for relief] Asserts!, and shows to this Court, as follows:

### NATURE OF ACTION

THIS IS A CIVIL RIGHTS ACTION BROUGHT PURSUANT TO TITLE 42 U.S.C.; 42 U.S.C.A. § 2000-CC R.L.U.I.P.A.; FIRST, EIGHTH & NINTH AMENDMENTS; AMERICAN WITH DISABILITIES ACT, TO REDRESS THE DEPRIVATION UNDER COLOR OF STATE LAW OF RIGHTS SECURED BY THE UNITED

STATES CONSTITUTION.

## JURISDICTION AND VENUE

THIS COURT HAS JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. §§ 1331 (FEDERAL QUESTION JURISDICTION) AND 1343(a)(3) & 42 U.S.C. JURISDICTION). THE WESTERN DISTRICT OF WISCONSIN IS THE PROPER VENUE FOR THIS ACTION BECAUSE THE PLAINTIFF'S CLAIMS AROSE WITHIN THE GEOGRAPHICAL BOUNDARIES OF THE WESTERN DISTRICT OF WISCONSIN WITHIN THE MEANING OF 28 U.S.C. § 1391(b).

## PARTIES

1.) PLAINTIFF, Garry A. Borzych (Plaintiff) IS A STATE OF WISCONSIN Prisoner, currently confined at: Wisconsin Secure Program Facility, P.O. Box 9900, Boscobel, WI 53805. At all times herein mentioned he was confined at Waupun Correctional Institution

2.) DEFENDANT, MATTHEW J. FRANK ["Frank"], WAS AT ALL TIMES herein mentioned employed as secretary of the Wisconsin Department of Corrections ["WDOC"] which it is his duty to oversee all actions of the WDOC; His address being: 3099 E. Washington Ave, Madison, WI 53707;

3.) DEFENDANT, RICHARD [RICK] RAEMISCH ["Raemisch"] was at all times herein mentioned employed as Deputy Secretary of the WDOC, which it is his duty to either accept, reject or investigate the recommendations of the Corrections Complaint Examiner [C.C.E.]; his address being: 3099 E. Washington Ave, Madison, WI 53707;

4.) DEFENDANT, JOHN BETT ["BETT"] HE IS THE DAI ADMINISTRATOR [it was Steve Casperson at the time] for the W.D.O.C., ~~~~ and is employed by the WDOC. As such, it is his duty to implement policies for the WDOC, and oversee their enforcement. Address being: 3099 E. Washington Ave, Madison, WI 53707;

5.) DEFENDANT MIKE THURMER ["THURMER"], WAS AT ALL TIMES HEREIN MENTIONED THE WARDEN OF WAUPUN CORRECTIONAL INSTITUTION ["W.C.I."], HIS DUTIES INCLUDE TO ENFORCE AND ENACT POLICIES PLUS OVERSEE ALL ACTIONS OF THE DAILY OPERATION OF W.C.I., HIS ADDRESS BEING: P.O. BOX 351, WAUPUN, WI 53963;

6.) DEFENDANT, TIMOTHY LUNDQUIST, WAS AT ALL TIMES HEREIN MENTIONED EMPLOYED BY THE STATE OF WISCONSIN AS DEPUTY WARDEN AT KETTLE MORAINE CORRECTIONAL INSTITUTION ["K.M.C.I."], HIS DUTIES INCLUDE DENYING OR APPROVING INMATE REQUESTS TO START A NEW RELIGIOUS PRACTICE OR ACTIVITY; HIS ADDRESS BEING: P.O. BOX 31, PLYMOUTH, WI 53703-0031;

7.) DEFENDANT LORI SIMON ["SIMON"] IS EMPLOYED BY THE W.D.O.C. AS CORRECTIONS PROGRAM SUPERVISOR, HER DUTIES INCLUDE TO INVESTIGATE/RESEARCH DENY/APPROVE INMATE REQUESTS TO START A NEW RELIGIOUS PRACTICE OR ACTIVITY, HER ADDRESS BEING: P.O. BOX 351, WAUPUN, WI 53963;

8.) DEFENDANT, JOHN RAY IS EMPLOYED BY THE W.D.O.C. AS AN CORRECTIONS COMPLAINT EXAMINER ["C.C.E."], HIS DUTIES INCLUDE TO REVIEW INMATE COMPLAINTS APPEALED TO THE C.C.E. AND CONDUCT FURTHER INVESTIGATION WHEN NECESSARY; HIS ADDRESS BEING: P.O. BOX 7925, MADISON, WI 53707;

9.) DEFENDANT, THERESA MURPHY, WHO IS EMPLOYED BY THE WDOC AS AN INMATE COMPLAINT EXAMINER ["I.C.E."], OF WHICH HER DUTIES INCLUDE: TO INVESTIGATE INMATE COMPLAINTS, HER ADDRESS BEING: P.O. BOX 351, WAUPUN, WI 53963;

3

10.) DEFENDANT, LINDA ALSUM O'DONOVAN, WHO IS EMPLOYED BY THE W.D.O.C. AS A I.C.E., HER DUTIES INCLUDE: TO INVESTIGATE INMATE COMPLAINTS AND MAKE RECOMMENDATIONS BASED ON SUCH, HER ADDRESS BEING: P.O. BOX 351, WAUPUN, WI 53963

11.) ALL DEFENDANTS ACTED UNDER COLOR OF STATE LAW AT ALL TIMES HEREIN MENTIONED AND ARE SUED IN THEIR: PERSONAL, INDIVIDUAL AND OFFICIAL CAPACITIES;

12.) PLAINTIFF ASSERTS THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITHIN THE MEANING OF THE P.L.R.A.; AS TO ALL CLAIMS

## FIRST CAUSE OF ACTION

DEFENDANTS FRANK, RAEMISCH AND THURMERS 05/01/06 POLICY TO BAN SMOKING IN THE WAUPUN CORRECTIONAL INSTITUTION IS IMPOSING EXTREME PSYCHOLOGICAL TORTURE, UNNECESSARY AND WANTON INFLICTION OF PAIN UPON PLAINTIFF, ETC... CONTRARY TO U.S.C.A. 1, 8 ETC... & SAID SMOKING BAN IS NOT ALLOWING PLAINTIFF TO BE ABLE TO PURSUE HIS LIFE IN THE PURSUIT OF HAPPINESS

## FACTS

13.) PLAINTIFF CHALLENGED GREEN BAY CORRECTIONAL INSTITUTIONS SMOKING BAN THAT WENT INTO EFFECT IN 2002, IN THIS WESTERN DISTRICT - BORZYCH et al. v. Litscher, CASE NO. 02-C-0128-C, THOUGH THE Assertions in this COMPLAINT WERE NOT ASSERTED IN THAT COMPLAINT;

14.) WAUPUN CORRECTIONAL INSTITUTIONS SMOKING BAN WENT INTO EFFECT FOUR (4) YEARS AFTER GREEN BAY CORRECTIONAL INSTITUTIONS;

14-A.) Plaintiff was Housed at Waupun correctional institution From Dec. 29, 2004 to July 2008

4

15.) ON 05/01/06 DEFENDANTS RAEMISCH, WITH THE APPROVAL OF DEFENDANTS FRANK AND THURMER [IT WAS KINGSTON, THOUGH HE RETIRED] BANNED SMOKING IN W.C.I.

16.) DEFENDANT, I.C.E. O'DONOVAN REFUSED TO INVESTIGATE PLAINTIFFS TIMELY INMATE COMPLAINT [WCI-2006-12720] CONCERNING THE 05/01/06 SMOKING BAN;

17.) DEFENDANT, I.C.E. O'DONOVAN MALICIOUSLY, WITH EVIL INTENT AND A TOTAL RECKLESS DISREGARD OF MY PSYCHOLOGICAL WELL BEING REJECTED! PLAINTIFFS TIMELY COMPLAINT [WCI-2006-12720] CONCERNING THE 05/01/06 SMOKING BAN AS NOT BEING A "SIGNIFICANT ISSUE"; THURMER AFFIRMED MY APPEAL OF THIS REJECTION;

18.) PLAINTIFF SMOKES CIGARETTES, @ CIGARS AND CHEWS TOBACCO AND HAS SINCE 1976;

19.) PLAINTIFF IS ADDICTED TO SMOKING @ CIGARETTES, CIGARS AND CHEWING TOBACCO;

20.) TOBACCO IS AS ADDICTIVE AS HEROIN AND COCAINE; - Public Health Service, United States Department of Health and Human Services, The Health Consequences of Smoking: Nicotine Addiction, A Report of The Surgeon General (1988);

21.) Tobacco is a potent drug with a variety of physiological effects, Little v. Brown & Williamson Tobacco Co., 243 F.Supp.2d 480, 491 (D.S.C. 2001)

22.) PLAINTIFF Asserts that there have been scientific studies that smoking may reduce feelings of dysphoria, reduce stress, anxiety and anger, enhance memory, increase vigilance or attention, or increase positive emotional distress. Prado Alvarez v. R.J. Reynolds Tobacco Co., 313 F.Supp.2d 61, 70-71 (D. Puerto Rico 2004)

23.) Smoking cigarettes, cigars & chewing tobacco is so rooted in society as to be considered fundamental, e.g. Snyder v. Massachusetts, 291 U.S. 97, 105 (1934)

5

24.) PLAINTIFF asserts that there is extreme tension in the W.D.O.C. Prison System and prison in general. e.g. Ramos v. Lamm, 639 F2d 559, 572 (C.A. 10 [Colo] 1980)("[A] Prison setting is, at best, tense, it is sometimes explosive, and always potentially dangerous") Wolff v. McDonnell, 418 U.S. 539, 562 (1974)("Guards and inmates co-exist in direct and intimate contact. Tension between them is unremitting. Frustration, resentment, and despair are commonplace");

25.) Plaintiffs disability is that he is addicted to smoking cigarettes, cigars and chewing tobacco;

26.) Plaintiff cannot exercise his constitutional right to think freely because of the 05/01/06 smoking ban; — The Supreme Court has steadily maintained the right to think freely. Ashcroft v. Free Speech Coalition, 535 U.S. 234, 252-54 (2003); Griswold v. Connecticut, 381 U.S. 479, 482 (1965)("The Right of Freedom of Speech and press includes... Freedom of Thought...");

27.) Thinking is a major life activity. Gagliardo v. Connaught Lab, Inc., 311 F3d 565, 569 (3rd cir. 2002);

28.) Plaintiffs major Life Activity [Thinking] is being substantially burdened by not being able to smoke cigarettes, cigars or chew tobacco;

29.) Plaintiff asserts he is being deprived of Sexual Intimacies; with a Female

30.) Plaintiff is frustrated, anguished and Tense because of being deprived of sexual intimacies. U.S. ex rel. Wolfish v. Levi, 439 F.Supp. 114, 142 (S.D.N.Y. 1977)(deprivation of sexual intimacies is a cause of tension, frustration and anguish);

31.) Plaintiffs ability to smoke cigarettes, cigars and chew tobacco eases the tenseness, frustration and anguish of being deprived of sexual intimacies;

6

32.) Smoking cigarettes, cigars and chewing tobacco is a basic necessity of Plaintiffs human life, of which he depends on each and every day of his life to keep him psychologically stable;

33.) Plaintiff uses smoking cigarettes, cigars and chewing tobacco as a form to concentrate, ease his mind and the stresses of everyday prison life to enhance his chances to return to society and lead a productive life within the confines of the law;

34.) Society has a stake in the chances of restoring Plaintiff to his normal and useful life to lead a law abiding life when he returns to the community;

34.) Common sense and/or knowlege dictates that it would be contrary to societies stake to decrease Plaintiffs chances of returning him to the community to lead a normal and useful life within the confines of the law;

35.) Plaintiff has a God given/constitutional/ Fundamental Right to pursue his life in the Pursuit of Happiness. Bartemeyer v. State of Iowa, 85 U.S. 129, 139 (1873)('The Pursuit of Happiness' which is usually classed with Life and liberty); Meyer v. Nebraska, 262 U.S. 390, 399 (1923); Slaughter-House Cases, 83 U.S. 36, 105, 116 (1872) These are Fundamental Rights Id. 116;

36.) Plaintiffs Life and Liberty, i.e. "The Pursuit of Happiness in Life", is being substantially burdened by not being allowed to smoke cigarettes, cigars and chew tobacco;

37.) There is no legitimate penological interest to ban smoking cigarettes, cigars or chewing tobacco

38.) The 05/01/06 smoking ban was implemented to receive more Federal Funding to operate the W.D.O.C.;

39.) Defendants Frank, Thurmer or Raemisch did not even consider any alternative means when they implemented the 05/01/06 smoking ban;

40.) Smoking cigarettes etc... outside will not subject anyone to second hand smoke; while chewing tobacco inside;

41.) Housing inmates who do not smoke on Bottom tiers is a alternate, as smoke rises, commons sense and knowledge dictate this;

42.) Housing inmates in different units who do not smoke is a alternate means;

43.) Plaintiff is suffering from Extreme psychological torture, or otherwise by not being allowed to smoke cigarettes, cigars or chew tobacco

44.) Plaintiff is being punished by the unnecessary and wanton infliction of pain, psychological or otherwise, by not being allowed to smoke cigarettes, cigars or chew tobacco

45.) Plaintiffs Future mental and/or physical well being is being compromised by Defendants Frank, Raemisch, Thurmers 05/01/06 smoking ban;

46.) Defendants Frank, Raemisch, Thurmers are being negligent to plaintiffs present and/or future mental and/or physical well being by enacting the 05/01/06 smoking ban;

47.) Society mandates that Plaintiff be treated with human decency while incarcerated;

48.) Plaintiff is not being treated with human decency, as Plaintiff is not being allowed to smoke cigarettes, cigars or chew tobacco, of which he depends on in his everyday life to concentrate, ease his mind and the stresses of everyday prison; life

49.) Plaintiff is being subjected to cruel and unusual punishment by the enactment of the said Defendants smoking ban;

50.) Since the smoking ban at G.B.C.I. & W.C.I. Plaintiff has not been able to keep himself out of segregation

51.) At W.C.I. A inmate who resided their held a Female nurse hostage until he was given a cigarette to smoke;

8

~~53.] Since the smoking ban at WCI plaintiff has been out of the segregation unit for a only a few weeks;~~
~~54.] Plaintiff has since become ~~~~ because of the smoking ban;~~

## SECOND CAUSE OF ACTION

Plaintiffs sincerely held Odinist religious beliefs are being substantially burdened by Defendants policy of not allowing plaintiff to possess a set of wood runes, or in the alternative a set of rune cards, so as to be able to emditate and communicate with my Gods - Goddesses, which is a essential, central and required practice to be able to sincerely exercise my constitutional right to freely exercise my religious practice and religioin, this current policy is contrary to the ~~Wisconsin~~ Constitution ~~Amend., Sec. 18~~ as it is not allowing me to pursue my life in the pursuait of happiness ~~and it is contrary to Wis. Const. Art. 1, Sec. 18, 1W18, 1983, 1301, 1314, and DOC 309.61~~

## V. FACTS

52.] Plaintiff is a sincere follower of the Odinist religion and has been since 1998;

53.] The Wisconsin DOC has already conceded that Odinism is a religion. <u>Borzych v. Frank</u>, 439 F3d 388, 390 [CA 7 [Wis] 2006];

54.] On 02/16/06 Plaintiff filed a DOC-2075 form [request for a new religious practicve/activity, requesting that I be allowed to possess a set of runes or rune cards as it is required by my religion, as it is a form of meditation and communication with my Gods and Godesses, so they can answer my questions that have life altering effects; that I also need a runeclothe and rune bag to keep the runes in to be a sincere follower of the odinist religion;

55.] Plaintiff was informed by the WCI Chaplain [Francis Paliekara], that he had the support of the religious community, stating that to eb able to possess a set of runes or ~~x~~ runecards so as to meditate on them and communicate with our gods and goddesss was a essential and a requirement of odinism, them being:

    a.] Ms. Laurel Owen - C/O Odinic Rite Prison Affairs Bureau Int'l,
       P.O. Box 445, Eureka Springs, AR 72632;
    b.] Raven Kindred Association, P.O. Box 41015, Bethesda, Md 20824
       - wluf @ asatru.org

56.] Based on the reports of the religious community and plaintiffs DOC-2075 form outlining my need to possess a set of runes or runecards to exercise my Free exercise of religion; WCI Chaplain Francis Paliekara recommended on 03/10/06 that my request for a new religious practice/activity be approved;

57.] On 03/31/06 Defendants Frank, Simon, Betts, and Thurmer, Lundquist approved and amended the Internal Management Procedures ["I.M.P.'s"] to allow runebooks in the WDOC and to write runes in personal religious writings;

58.] Plaintiffs request to purchase and possess a set of runes or runecards was denied based on policy did not allow them in.

59.] Plaintiff timely filed a Inmate Complaint and appeals thereto which were all denied. WCI-2006-16133

60.] There is no legitimate penological interest in security or rehabilitation to not allow Plaintiff to possess a set of rune cards or runes so as to sincerely ~~practice his religi~~ exercise his religious practice

61.] It is required, essential and central to plainitffs exercise of his religious practice that he possess a set of runes, or runecards, a rune bag, rune clothe, so he can meditate on the runes, and communicate with his Gods-

Goddesses so as to be a sincere follower of the Odinist religion;

62.] Defendants Frank, Thurmer and Betts Policy of not allowing plainitff to possess a set of runes or runecards, a rune bag, rune clothe is substantially burdening plaintiffs religious practice [and religion] because Plainitff cannot:
    a.] Gain knowledge through the runestaves [RUNES] and their lore;
    b.] Gain imporatnt answers from the Divines [Gods/Goddesses etc] to questions that plaintiff would pose to them, that would affect plaintiffs life actions.

63.] Runes are the metalanguage of the Gods/Goddesses of Odinism;

64.] Communication with the Gods/Goddesses etc. of Odinism takes place in the metalanguage of the Gods etc..;

65.] Runecasting is a true act of communication between humans and the Gods etc.. of Odinism and the many realms;

66.] Odin [A Odinists High God] tells us for us to learn the runes in the Chapter Havamal, which said chapter is contained in our sacred text entitled "The Poetic Edda", as follows:
    144. know'st how to write, know'st how to read,
          know'st how to stain, how to understand,
          know'st how to ask, know'st how to offer,
          know'st how to supplicate, know;st how to sacrifice.

67.] The First "Runecaster" was odin himself, and in casting the runes the Diviner [runecaster] is actually participating in the divine process in an imitative way;

68.] The runes were etched by Odin himself;

69.] The runester assumes the role of "A God" when performing the ritual act of runecasting; in order to communicate with the hidden transpersonal reality [the runes], the runestaer must assume this statuts in order to be totally effective;

70.] One form of runecasting is to gain knowledge through the runestaves and their lore; i.e. meditate

71.] The runesters will, ability, knowledge and level of being are very important, without them the runes would remain forever hidden;

72.] Another form of runecasting is that of gaining answers from: Gods-Goddess etc.. - to important questions posed by the runester that effects his daily life actions;

73.] Runes become "Whispers of Secrets" through them - silently and over great spans of time and distance communication can be effected from aeons past;

74.] In order to effectively runecast, Plainitiff needs:
    a.] A sacred clothe;
    b.] A runebag [to keep the runes safe and secure];
    c.] A set of runes [25 per set] either made of wood [yew or oak], or made of staghorn; or in the alternative:
        1,] A set of runecards [25 per set], made of sacred paper.

75.] Without being able to possess a set of runes or runecards so as to be able to meditate on the runes and communicate with my Gods etc. through them, a odinists life is meaningless;

76.] Plaintiffs religious practice is being singled out for unfair treatment by Defendants Franks, Bett and Thurmers Policy of not allowing plaintiff his runes or runecards;

77.] Defendats policies allow inmates to possess Dominoes made of bone and-or hardplastic, and are twice the size of a rune;

78.] Each rune I request is about the size of a quarter;

79.] In the alterative of runes, A runecard I request is 4-5/8" x 2-1/2" in size; approximately the size of a playing card;

80.> Plaintiff is similarly situated to the christians, muslims, Wiccans, Jews etc... who are allowed their sacred religious tools so as to freely exercise their religious practice;

81.> Defendants Frank, Bett & Thurmers Policies are favoring other religious practice over Plaintiffs without any legitimate Penological ~~security~~ interest in Security;

82.> Plaintiff is being discriminated against by defendants Frank, Bett, Thurmers Policies, as a class of one, in the attempt to Exercise his constitutional/God given right to freely exercise his religious practice, By not being allowed to possess his required, essential & central Religious tools; so he can be sincere in following such;

83.> Plaintiff is being discriminated against by defendants Frank, Bett & Thurmers Policies with animus to prevent him from:
A.> Gain knowledge through the runes & their lore;
B.> Gain important answers from the Gods etc... to questions posed by Plaintiff that affect his daily lifes actions;

84.> Plaintiffs religion requires him to be happy in life

85.> Plaintiff cannot be happy in life because of not being allowed a set of runes;

86.> Defendants Frank, Bett & Thurmers Policies of not allowing Plaintiff to possess his required, essential & central religious tools [¶¶ 74] so as to meditate on them & communicate with his gods etc..., my right to:
A.) learn from them; ie. Gods/Goddesses etc...
B.> hear from them, "                                       "
is being restricted unnecessarily without any legitimate Penological interest;

87.> Plaintiffs religious speech is being restricted unnecessarily by defendants Frank, Bett & Thurmers Policies of not allowing him to possess a set of runes or runecards so he can meditate on them & communicate with his Gods/Goddesses etc... to gain answers from important questions that I would pose to them;

11

88.) On 05/05/06 Defendant Lundquist; on 5/23/06 Defendant Simon; Denied Plaintiffs Request to possess a set of Runes ~~contrary~~ for Security reasons, contrary to their position as stated in Paragraph 57 of this complaint;

89.) On 05/26/06 Defendant Thurmer [it was Kingston, But Thurmer takes over as defendant] Based on the recommendation of defendants Lundquist and Simon rubber stamped the recommendations of said Parties denial;

90.) When Plaintiff Filed Inmate complaint WCI-2006-16133 Based on the denial of to possess a set of Runes had defendants Murphy, Thurmer, Ray and Raemisch Looked at their own Policies, said parties would not have denied my complaint, as said Policies allowed Runes in the W.D.O.C., Thus Runes were not a Security concern;

91.) Defendants Ray and Murphy refused to look at their own Policies, i.e. "INVESTIGATE" Plaintiffs complaint about the denial of ~~to~~ a set of Runes, and Plaintiff Pointed out to said Defendants [as well as defendants Raemisch, Thurmer] That Their Policies had Changed to allow Runes in, and were no longer a Security Concern; in WCI-2006-16133

92.) Defendants Raemisch, Ray, Murphy, Thurmer willfully, knowingly with evil intent and injurious, with a total disregard for Plaintiffs CIVIL, Religious Rights, Maliciously, dismissed Plaintiffs' complaint WCI-2006-16133 when they were made aware of the fact that Runes were no longer a Security concern;

12

## LEGAL CLAIMS

93.) Plaintiff realleges and incorporates by reference Paragraphs 1-92 herein forestated as if they were fully setforth herein;

94.) Plaintiff has not plain, adequate or complete remedy at law to redress the wrongs described herein, Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks along with monetary damages

95.) Defendants Frank, Raemisch's & Thurmers 05/01/06 smoking ban is imposing Extreme Psychological torture, unnecessary and wanton infliction of pain, cruel & unusual punishment [which is a double standard], and not allowing Plaintiff to pursue his life in the pursuit of Happiness, said Defendants [as well as defendant O'Donovan] for rejecting my complaint WCI-2006-12720] Violated Plaintiffs 1st & 8th Amendment rights, & 302.08 Wis. stats;

96.) Defendants Frank, Bett, Thurmer's, Simon, Lundquists Policy to not allow Plaintiff his essential, central and required religious tools [see ¶ 74] so he can meditate on the runes and communicate with his gods Goddesses etc... [and gain knowledge], ie. hear & learn, and to unnecessarily restrict my religious speech, all of which substantially burdened, singled out, my religious practice for unfair treatment, discriminated against my practice, as a class of one, denied me equal protection of the laws, and not allowing me to pursue my life in the pursuit of happiness, all said acts were designed to maliciously injure Plaintiff with evil intent, and with a total disregard to my religious rights, said defendants violated my rights under U.S.C.A. 1, 309.61, 42 U.S.C.A. § 2000cc R.L.U.I.P.A.

97.) For Defendants Raemisch ~~Thurmer~~ to not have C.C.E. Ray Further investigate [when he has the authority to so and was made aware of it] Plaintiffs claim that the runes were no longer a security concern when policies reflected such, makes Raemisch liable for refusing to follow policy, makes Ray liable for refusing to investigate when he was made aware of the policy that runes were no longer a security threat, when Ray had the authority to conduct further investigation, they both violated plaintiffs rights under 42 U.S.C.A. § 2000cc R.L.U.I.P.A., First Amendment [The Religious clause and the Right to File a grievance clause];

98.) For Defendant Thurmer to not have I.C.E. Murphy Further investigate [when he has the authority to do so and was made aware of it] Plaintiffs claim that the runes were no longer a security concern when policies reflected such, makes Thurmer liable for refusing to follow policy, makes Murphy liable for refusing to investigate when she has the authority and was made aware that the runes were no longer a security threat, They both violated Plaintiffs rights under 42 U.S.C.A. § 2000cc R.L.U.I.P.A., First Amendment [The religious clause and the right to File a grievance clause];

99.) For Defendant Thurmer to not remand complaint WCI-2006-12720 to Defendant I.C.E. O'Donovan to further investigate my claim that my smoking issue was a "significant issue", and for Defendant I.C.E. O'Donovan to not investigate the 05/01/06 smoking ban when it was a "significant issue" makes them both liable for: refusing, maliciously with evil intent to injure me [psychologically] with a total disregard for my rights, to allow me to petition the Courts for redress, File a grievance, invoke the jurisdiction of the I.C.E. Department, they both violated my rights under the First & Eighth Amendments;

14

# PRAYER FOR RELIEF

100.) A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution, statutes & Administrative rules

101.) A preliminary & permanent injunction ordering Defendants to:

A.) Suspend their policy of not allowing Plaintiff to possess a set of runes or rune cards so he can sincerely exercise his religious practice and communicate with his Gods/Goddesses etc.. to gain important answers from them that effect plaintiffs daily life actions;

B.) Suspend their smoking ban at W.C.I. until the outcome of this case;

102.) Compensatory damages in the amount of $75,000 per defendant

103.) Punitive damages in the amount to be determined at my jury trial;

104.) A Jury trial on all triable issues

105.) Plaintiffs costs in this suit;

106.) Any additional relief this court deems just proper and equitable;

Dated this 11 day of January, 2009

I, Garry A. Borzych, Pursuant to 28 U.S.C. §1746, does hereby swear that the forestated, being aware of penalties for perjury, is based on my personal knowledge & beliefs is true & Correct.

Executed at Boscobel Wisconsin this 11 day of January 2009.

All Rights Reserved (without Prejudice)

BY: _Garry A. Borzych_/Pro-Se
Garry A. Borzych #142130
W.S.P.F. / P.O. Box 9900
Boscobel, WI 53805