IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BORZYCH, GARRY A.,

                                             ORDER

                   Petitioner,

                                  09-cv-21-bbc

        v.

MATTHEW J. FRANK,
RICHARD (RICK) RAEMISCH,
JOHN BETT, MIKE THURMER,
TIMOTHY LUNDQUIST, LORI SIMON,
THERESA MURPHY, JOHN RAY and
LINDA ALSUM ODONOVAN,

                   Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Garry Borzych, a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has submitted a proposed complaint.  He has sent a check in the amount of $150 and an affidavit of indigency.  Because $150 is not enough to cover the full amount of the $350 filing fee and because he appears to be requesting indigent status, I will construe his complaint to include a request for leave to proceed in forma pauperis.  The request will be denied, because petitioner does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

      Section 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Petitioner is aware that he has struck out under § 1915(g). In his affidavit of indigency, petitioner says that he "currently has more than three strikes under the P.L.R.A." However, petitioner's complaint does not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury. In his complaint, petitioner alleges that the policy of respondents Frank, Raemisch and Thurmer to ban smoking at the Waupun Correctional Institution on May 1, 2006 resulted in an "unnecessary and wanton infliction of pain" on petitioner. Further, he asserts that respondent O'Donovan's rejection of his inmate complaint regarding the smoking ban and respondent Thurmer's approval of the rejection of his complaint showed a "reckless disregard" for his well-being. In addition, petitioner alleges that respondents Frank, Thurmer, Bett, Lundquist and Simon prohibited him from exercising his religion when they would not allow him to possess items necessary to practice Odinism in violation of the Religious Land Use and Institutionalized Persons Act. Finally, he asserts that respondents Raemisch, Ray, Murphy and Thurmer dismissed his inmate complaint regarding his RLUIPA claim.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat or prison condition must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court

considers his request for leave to proceed in forma pauperis. See id. (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). In this case, it is clear that petitioner is not currently subject to serious physical injury because of a smoking ban in place at an institution in which he is no longer incarcerated and because of the denial of items with which he practices Odinism. Accordingly, petitioner's complaint is not a complaint requiring application of the exception to § 1915(g).

Because petitioner is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant. If so, he must submit a check or money order made payable to the clerk of court for $200, which is the remaining balance of the $350 filing fee. If he does this, however, petitioner should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. If petitioner does not make the $200 payment by February 16, 2009, I will consider that he does not want to pursue this action. In that event, the clerk of court is directed to close this file.


ORDER

IT IS ORDERED that petitioner Garry Borzych's request for leave to proceed in forma pauperis is DENIED because petitioner is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that petitioner may have until February 16, 2009, in which

to submit payment of $200 to cover the balance of the $350 filing fee in this case.

Entered this 26th day of January, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge