IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARRY A. BORZYCH,

                               Petitioner,

     v.

MATTHEW J. FRANK,
RICHARD RAEMISCH,
JOHN BETT, MIKE THURMER,
TIMOTHY LUNDQUIST, LORI SIMON,
THERESA MURPHY, JOHN RAY and
LINDA ALSUM O'DONOVAN,

                               Respondents.

OPINION AND ORDER

09-cv-21-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary, declaratory and injunctive relief brought under 42 U.S.C. § 1983, Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 12131-12134, and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1. Petitioner Garry Borzych, a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, alleges that 1) respondents Matthew Frank and Richard Raemisch instituted a smoking ban at Waupan Correctional Institution and respondents Mike Thurmer and Linda O'Donovan enforced that ban in violation of his

1

rights under the Americans With Disabilities Act and the First and Eighth Amendments and 2) respondents Frank, Thurmer, Lori Simon, John Bett, Timothy Lundquist, Theresa Murphy and John Ray denied him items with which he practices Odinism, in violation of his rights under the free exercise clause of the First Amendment and RLUIPA.  Although I found in a previous order that petitioner may not proceed in forma pauperis under 28 U.S.C. § 1915(g) because he has three strikes, dkt. #3, he has chosen to pursue his case as a paying litigant and has paid the filing fee in full.

Because petitioner is an inmate, the 1996 Prison Litigation Reform Act requires the court to deny him leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages.  28 U.S.C. § 1915(e).  However, petitioner is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Having reviewed petitioner's complaint, I conclude that he may not proceed at this time because his complaint violates Fed. R. Civ. P. 20.  Accordingly, I will reserve ruling on the merits of his complaint until he remedies the Rule 20 violations.

OPINION

Rule 20 prohibits a petitioner from asserting unrelated claims against different respondents or sets of respondents in the same lawsuit.  Multiple respondents may not be

2

joined in a single action unless the petitioner asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed.1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against respondents in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Association, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure). This means that the core set of allowable respondents must be determined under Rule 20 before a petitioner may join additional unrelated claims against one or more of those respondents under Rule 18. In addition, under Rule 18, a party cannot join claims involving any respondent outside the group identified under Rule 20.

For example, a petitioner could have one lawsuit for breach of contract against respondents Smith, Jones, Wilson and Garcia and an unrelated lawsuit for personal injury against respondents Smith, Jones and Brown. If the petitioner wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss Wilson and Garcia from the first lawsuit or he would have to dismiss Brown from the second lawsuit. In this way, the same "core" of respondents (Smith and Jones) is common to both claims.

Applying these rules to petitioner's complaint, I conclude that petitioner is raising claims that belong in two different lawsuits:

- Lawsuit #1: The smoking ban that respondents Frank, Raemisch and Thurmer instituted at the Waupun Correctional Institution on May 1, 2006 resulted in an "unnecessary and wanton infliction of pain" on petitioner, prevented him from thinking freely and discriminated against him on the basis of his addiction to nictotine. Respondents O'Donovan and Thurmer failed to investigate and improperly rejected his related inmate complaint.

- Lawsuit #2: Respondents Frank, Thurmer, Bett, Lundquist and Simon prohibited petitioner from exercising his religion when they would not allow him to possess items necessary to practice Odinism; and respondents Ray, Murphy and Thurmer failed to investigate his related inmate complaint and improperly dismissed it.

Under George, I may apply the filing fee petitioner owes in this case to only one of these lawsuits. Petitioner will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuit, petitioner has a more difficult choice. If he chooses to pursue it separately, he will be required to pay a separate filing fee of $350. 28 U.S.C. § 1915(g) (except in very narrow circumstances, petitioner with three strikes may not proceed in new lawsuits without first paying full filing fee). If petitioner wishes to combine his two lawsuits without paying another filing fee, he will have to dismiss the respondents who prevent him from complying with Rule 20. Alternatively, petitioner may choose to dismiss one of his lawsuits voluntarily. If he chooses this latter route, petitioner will not owe an additional filing fee. A lawsuit dismissed voluntarily would be dismissed without prejudice, allowing petitioner to bring it at another time.

Petitioner should be aware that because it is not clear at this time whether he will pursue both of his lawsuits, I have not assessed the merits of any of his claims. Once petitioner identifies the suit(s) he wants to continue to litigate, I will screen the individual actions that remain, as required under 28 U.S.C. § 1915(e)(2). Because petitioner faces an additional filing fee for a second lawsuit, he should consider carefully the merits and relative importance of both of his potential lawsuits when choosing which of them he wishes to pursue.

## ORDER

IT IS ORDERED that:

1. Petitioner Garry Borzych may have until March 27, 2009, to identify for the court which numbered lawsuit identified in the body of this opinion he wishes to proceed on under the number assigned to this case.

2. Petitioner may have until March 27, 2009, in which to advise the court whether he will prosecute the remaining lawsuit or withdraw it voluntarily. If petitioner dismisses a lawsuit voluntarily, he will not owe a filing fee. If petitioner advises the court that he intends to prosecute a second lawsuit, he will owe a separate $350 filing fee.

3.  If petitioner fails to respond to this order by March 27, I will enter an order dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to prosecute.

Entered this 13th day of March, 2009.

                        BY THE COURT:

                        /s/
                        _____
                        BARBARA B. CRABB
                        District Judge