IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BORZYCH, GARRY A.,

                                              ORDER

                Plaintiff,

                                      09-cv-21-bbc

        v.

MATTHEW J. FRANK,
RICHARD RAEMISCH,
JOHN BETT, TIMOTHY LUNDQUIST,
LORI SIMON, THERESA MURPHY
and JOHN RAY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered in this case on April 14, 2009, I granted plaintiff's request for leave to proceed in forma pauperis on his claims under the Religious Land Use and Institutionalized Persons Act; the free exercise, free expression and establishment clauses of the First Amendment; and the equal protection clause of the Fourteenth Amendment against defendants Frank, Raemisch, Bett, Lundquist, Simon, Murphy and Ray. The Attorney General's office has accepted service of plaintiff's complaint on behalf of all defendants except defendant Ray, who is deceased.

1

Federal Rule of Civil Procedure 25(a)(1) sets forth the procedure that must be followed when a party to a lawsuit dies:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

It is up to plaintiff to determine whether he intends to pursue his lawsuit against defendant Ray's estate and, if so, to move the court for substitution of the parties.  If plaintiff moves for substitution of the parties, he must provide the court with the name and address of the person who should be served with his complaint against the estate.  Although Rule 25 allows the parties 90 days to move for substitution, if plaintiff acts diligently, he should be able to make his motion or notify the court of his willingness to dismiss his claims against defendant Ray before the 90-day time period has run.

ORDER

IT IS ORDERED that no later than May 14, 2009, plaintiff is to advise the court in writing whether he intends to dismiss his claims against defendant Ray or move to substitute defendant Ray's estate as a defendant.  If plaintiff advises the court that he will move for substitution of the parties, he should be prepared either to provide the name and address of the person to be served with his complaint on behalf of defendant Ray's estate or to advise

the court of his progress in learning the name of such individual.

Entered this 30th day of April, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge